THE COREA FIRM, P.L.L.C.
Thomas M. Corea, Esq.
Texas State Bar No. 24037906
*Pro Hac Vice*
Grant B. Stock, Esq.
Texas State Bar No. 24033240
*Pro Hac Vice* Admission Pending
1201 Elm Street, 41st Floor
Dallas, Texas 75270
Telephone:  (214) 953-3900
Facsimile:  (214) 953-3901
E-mail: tcorea@corealaw.com
E-mail: gstock@corealaw.com

OTSTOTT & JAMISON, P.C.
George A. Otstott Sr., Esq.
Texas Bar No. 15342000
*Pro Hac Vice* Admission Pending
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:  (214) 522-9999
Facsimile:(214) 828-4388
E-mail: gotstott@otstottandjamison.com

BRYDON, HUGO & PARKER
George Avery Otstott Jr., Esq.
California Bar No. 184671
135 Main Street, 20th Floor
San Francisco, California 94105
Telephone:  (415) 808-0300
Facsimile: (415) 808-0333

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY  LEE  ARELLANO and DUSTIN S. PETERSON, *Individually and On Behalf Of All Those Similarly Situated,*<br><br>                              *Plaintiffs,*<br><br>                    *v.*<br><br>T-MOBILE USA, INC. and HTC AMERICA, INC.,<br><br>                    *Defendants.* | Case No. **3:10-cv-05663-WHA**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT**<br><br><u>CLASS ACTION</u><br><br>Date: April 7, 2011<br>Time: 2:00 p.m.<br>Room: 9, 19th Floor<br>Judge: Honorable William H. Alsup |

BRYDON
HUGO & PARKER
135 MAIN STREET
20ᵀᴴ FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 1

# TABLE OF CONTENTS

PAGE

I.   INTRODUCTION & STATEMENT OF ISSUES                                     4

II.  STATEMENT OF RELEVANT FACTS                                            6

III. ARGUMENTS & AUTHORITIES                                               7

    a.   THE AMENDED COMPLAINT WAS PROPERLY SERVED               7

    b.   DESPITE PARTICIPATION IN THE LAWSUIT, THE DEFENDANTS FAILED TO    10
       ACT IN GOOD FAITH IN ANSWERING THE COMPLAINT

IV.  CONCLUSION                                                            14

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>CASES</u>

3   *American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th Cir. 2000) ........ 10

4   *Blair v. City of Worcester*, 522 F.3d 105 (1st Cir. 2008) ....................................................... 9

5   *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR),
    2010 WL 2219595 (N.D. Cal. June 2, 2010) (Donna M. Ryu, United States Magistrate Judge) . 8, 9
6

7   *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685 (9th Cir. 1988)......... 11

8   *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922 (9th Cir. 2004)... 10,
    11
9

10  *Madsen v. Bumb*, 419 F.2d 4 (9th Cir. 1969)..................................................................... 10

11  *United States v. $23,000 in U.S. Currency*, 356 F.3d 157 (1st Cir. 2004) ........................................ 7

12  <u>RULES</u>

13  FED. R. CIV. P. 5(a)(2) ............................................................................................... 7

14  FED. R. CIV. P. 55(a)(3) .............................................................................................. 7

15  FED. R. CIV. P. 55(b)(2) ............................................................................................. 7

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO VACATE AND MEMORANDUM IN SUPPORT

Plaintiffs Respond to Defendants T-Mobile USA, Inc.'s and HTC America, Inc.'s (together, the "Defendants") Joint Motion to Vacate and request that this Court deny the Defendants' motion.

### I.

### INTRODUCTION & STATEMENT OF ISSUES

On January 25, 2011, Defendant T-Mobile USA, Inc. and Defendant HTC America, Inc. were each personally served with a summons and copy of both the Original Class Action Complaint and the First Amended Class Action Complaint.  Both Defendants failed to file an answer or other appropriate response within the required deadlines.

Now, these multi-million dollar (perhaps an under-statement) companies, together with their cadre of in-house-counsel, general counsel, outside-counsel, and paralegals, are claiming, by inference at best, that service was only reviewed by a single partner from each of the Defendants' outside counsel (Mr. Andalman for T-Mobile and Rosemarie Ring for HTC).  Moreover, pursuant to an alleged amazing coincidence, the Defendants are also alleging that both Mr. Andalman and Ms. Ring overlooked Plaintiffs' 47 page First Amended Complaint in exactly the same manner.  Such "coincidences" are not believable.

Moreover, when they received the service documents, both Defendants were aware that the Amended Complaint had previously been filed with this Court and was on the docket.  In fact Mr. Andalman admits that he conferred with Plaintiff's counsel regarding service of the Amended Complaint days before actual service.  Accordingly, it further strains belief that, when Mr. Andalman and Ms. Ring received the service documents, they both independently thought it unnecessary to review the entire packets despite knowledge that the Amended Complaint was on file (let alone a duty to review the entire packets).

Moreover, both Defendants again allegedly never bothered to review the service documents before T-Mobile signed a motion asking for additional time - purportedly based upon an examination of the pleadings and occurrences in this Lawsuit.  It was only on February 17, 2011 that Mr. Andalman and Ms. Ring, somehow almost simultaneously noticed that the Amended Complaint was indeed in the documents previously provided to them by T-Mobile and HTC respectively.

Perhaps the failure to answer was an attempt by the Defendants to *de facto* obtain more time from the Court to answer, despite the Court's prior order denying additional time.  Perhaps the failure to answer lies with some other explanation.  Regardless, the basis for the Defendants' current Motion to Vacate strains credulity.  The Defendants' are culpable for their acts and their attempt to vacate now is an attempt to overrule this Court's Order denying additional time.  The Defendants' argument that the Amended Complaint was not properly served also lacks merit because, unlike the one case cited by the Defendants, the Amended Complaint was served contemporaneously with the summons.

The Defendants never provide proof as to who reviewed the service packages – a fatal defect in their motion.  They only provide the declarations of one attorney (each) that those specific attorneys did not see the 47 page Amended Complaints.  Even the declarations of Mr. Andalman and Ms. Ring should be discounted given their lack of credulity.  Based on these serious circumstances, and in light of the history of this case (albeit a young case), this Court should deny the Motion to Vacate the Default.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 5

## II.

### STATEMENT OF RELEVANT FACTS

The Amended Complaint was filed with this Court on January 12, 2011.[1]   On January 25, 2011, both Defendants were personally served with a summons and a copy of both the Original Class Action Complaint and the Amended Complaint.[2]

On February 4, 2011, T-Mobile declined to proceed before a U.S. Magistrate Judge and this lawsuit was reassigned to this Court.  Shortly thereafter, as per the docket entry, on February 10, 2011, T-Mobile filed its "Motion for an Extension of Time to File Answer re Amended Complaint."[3]   On February 16, 2011, the Court denied T-Mobile's motion for additional time.[4]

The Defendants were required to respond to the Amended Complaint within 14 days after service.  Accordingly, the Defendants were required to respond by February 8, 2011.  The Defendants did not.  On February 17, 2011, twenty three days after service, and in preparation for moving for default, the Plaintiffs filed their certificates of service.[5]   On February 18, 2011, twenty four days after service, the Plaintiffs filed their Motion for Entry of Default.[6]   The Clerk noticed Entry of Default on February 18, 2011.  Subsequently, on February 22, 2011, the Defendants filed their Joint Motion to Vacate the Clerk's Notice of Entry of Default.[7]

---

[1] First Amended Class Action Complaint ("Amended Complaint"), Dkt. 5.

[2] Proof of Service Summons and Complaint on T-Mobile USA, Inc., Dkt. 16; Proof of Service Summons and Complaint on HTC America, Inc., Dkt. 17; *see also* Declaration of George A. Otstott, Dkt. 18 (attached hereto as Exhibit 1).

[3] Motion for Additional Time to Answer or Otherwise Plead, Dkt. 10.

[4] Order, Dkt. 13.

[5] *See* Certificates of Service, Dkts. 17, 17.

[6] Motion for Entry of Default, Dkt. 18.

[7] Joint Motion to Vacate, Dkt. 23.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

# III.

## ARGUMENTS & AUTHORITIES

The Court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit.[8]   Pursuant to Federal Rule of Civil Procedure 15(a)(3), "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."[9]   Here, neither Defendant responded to the Amended Complaint within 14 days after service.

### A.  The Amended Complaint was Properly Served.

Defendants cite to Federal Rule of Civil Procedure 5(a)(2) for the rule that "when new claims are added by an amended pleading against defendants who have not yet appeared, service of the amended pleading must be accompanied by a new summons."[10] Defendants then proceed to argue that no summons was issued with the amended complaint and thus service was improper.  Defendants' argument fails because a summons was attached to the Amended Complaint.

As stated in Plaintiffs' Request for Entry of Default Judgment and Supporting Declaration:

> On January 25, 2011, Defendant T-Mobile USA, Inc. was served with a summons and copy of both the original Class Action Complaint and the First Amended Class Action Complaint, by personal service and pursuant to the Federal Rules of Civil Procedure.  A copy of the return of service is attached as Exhibit "A" [to the Motion for Entry of Default].   Defendant T-Mobile USA, Inc. did not file a responsive pleading or otherwise defend the suit.

> On January 25, 2011, Defendant HTC America, Inc. was served with a summons and copy of both the original Class Action Complaint and the First Amended

---

[8] FED. R. CIV. P. 55(a), (b)(2); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004).

[9] FED. R. CIV. P. 55(a)(3).

[10] Defendants' Motion to Vacate, at 6 (*citing* FED. R. CIV. P. 5(a)(2)).

---

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 7

Class Action Complaint, by personal service and pursuant to the Federal Rules of Civil Procedure.  A copy of the return of service is attached as Exhibit "B" [to the Motion for Entry of Default].  Defendant HTC America, Inc. did not file a responsive pleading or otherwise defend the suit.[11]

The Defendants rely upon *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*,[12] to support their argument.  However, *Bricklayers* is markedly distinguishable from the lawsuit at hand.  In *Bricklayers*, the plaintiffs served their original complaint and summons on April 23, 2009.[13]  Eight months later, the plaintiffs filed a first amended complaint, and served the same on the defendant.[14]  The defendants had not filed an answer to the original complaint.  Noting that it was unclear as to whether a summons was served at the same time as the amended complaint, the Magistrate Judge ordered the plaintiffs to submit additional briefing on the question.[15]

Here, the Amended Complaint was served with, and of course at the same time, as the summons.  This fact is supported by both the Proofs of Service, filed with this Court on February 17, 2011[16], as well as by the Declaration of George A. Otstott on February 18, 2011.[17]  Unlike in *Bricklayers*, here, the Amended Class Action Complaint was served contemporaneously with the summons.

In addition, Federal Rule of Civil Procedure 5(a)(2) "ensures that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that

---

[11] Motion for Entry of Default, Dkt. 18.  The Motion for Entry of Default and its attachments, is incorporated herein by reference.

[12] No. C-09-01589-CW (DMR), 2010 WL 2219595 (N.D. Cal. June 2, 2010) (Donna M. Ryu, United States Magistrate Judge).

[13] *Id*. at *1.

[14] *Id*. at *2-3.

[15] *Id*. at *6.

[16] Proof of Service Summons and Complaint on T-Mobile USA, Inc., Dkt. 16; Proof of Service Summons and Complaint on HTC America, Inc., Dkt. 17.

[17] Declaration of George A. Otstott, Dkt. 18 (attached hereto as Exhibit 1).

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 8

are never served."[18]  Here, the Amended Complaint accompanied the summons providing both the Defendants the ability to make that informed decision.

Defendant T-Mobile's Motion for Additional Time to Answer is telling as to whether the Defendants made an informed decision.  Pursuant to that Motion:

1.  T-Mobile was independently aware of the Amended Complaint on, or even before, January 21, 2011;[19]

2.  On January 21, 2011, T-Mobile's outside counsel offered to accept service of the Amended Complaint if additional time to respond was agreed to by the Plaintiffs;[20]

3.  Plaintiffs' counsel declined and, four days later, "on January 25, 2011, T-Mobile was served through its registered agent.";[21]

4.  T-Mobile investigated the claims in the Amended Complaint;[22]

5.  T-Mobile filed its Motion for Additional Time on February 10, 2011, asserting that it had never been served the Amended Complaint.  T-Mobile included neither a certificate of conference nor a certificate of service in its Motion for Additional Time.[23]

Thus, T-Mobile knew that the Amended Complaint was on file.  Moreover, only four days before being served the Amended Complaint together with the summons, T-Mobile had discussed service and had been advised by Plaintiffs' counsel that Plaintiffs would

---

[18] *Bricklayers*, 2010 WL 2219595, at *3 n.4 (*citing Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008)).

[19] Motion for Additional Time to Answer, Dkt. 10, at 2 ("T-Mobile became aware of the First Amended Complaint independently and, on January 21, 2011, lead counsel for T-Mobile reached out to Plaintiffs' counsel to introduce himself.").

[20] *Id.*

[21] *Id.*, at 3.

[22] *Id.*

[23] *Id.*  Ironically, despite no conference or certificate of service, T-Mobiles' counsel asserted that Plaintiffs' counsel had ignored his attempts to "reach out."

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 9

serve the Amended Complaint upon T-Mobile.  Not only were the requirements of the

Federal Rules of Civil Procedure met, but T-Mobile was well aware of service.

By its own admission, HTC is in the same position.  As pleaded by both the

Defendants, "[s]ince the outset of the case, T-Mobile and HTC have been coordinating their

defense."[24]   Of course that quote by the Defendants contrasts with T-Mobile's prior

representation that it needed extra time based on an "intention to coordinate."

Accordingly, HTC was well aware of the Amended Complaint. The Amended Complaint

was served on both HTC and T-Mobile.

### B.  Despite Participation in the Lawsuit, the Defendants Failed to Act in Good Faith in Answering the Complaint.

"The determination as to whether a default or a default judgment shall be set aside

rests in the sound discretion of the trial court."[25]   As held by the Ninth Circuit, a district

court may deny a motion to vacate default if: (1) the defendant's culpable conduct led to the

default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be

prejudiced if the default is set aside.[26]   Importantly, this tripartite test is disjunctive –

"meaning that the district court [is] free to deny the motion if any of the three factors [are]

true."[27]

---

[24] Defendants' Motion to Vacate, at 3.

[25] *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (citations omitted).

[26] *American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).  It should be noted that *Hayhurst* provides these factors as to denial of a motion to vacate default judgment.  However, as also stated by the 9th Circuit, the "'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)."*Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004).

[27] *Hayhurst*, 227 F.3d at 1108; *see also Franchise Holding II, LLC*, 375 F.3d at 926.

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 10

Here, the Defendants fail to satisfy their burden of showing that their culpable conduct did not lead to the default.  Accordingly, and under the circumstances, this Court should deny the motion to vacate.

The Defendants do not present plausible facts that would dismiss their culpability for the default.  As previously stated, the coordinating Defendants were well aware of the existence of the Amended Complaint before it was served.  Service on the Defendants, together with the summons, was only made after such awareness and included the Amended Complaint.  "If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable."[28]

In a dangerous gamble, T-Mobile attempted to secure additional time despite service and despite actual notice of the amended complaint.  In contrast to their current assertion that HTC and T-Mobile had coordinated since the outset of the case, T-Mobile approached the Court and requested additional time because it "intend[ed] to coordinate with HTC."[29] Without conferring with Plaintiff's counsel or providing a certificate of service or conference, the Defendant than asserted that it had never been served the Amended Complaint.  T-Mobile never raised before the Court the fact that the Amended Complaint did, in fact, accompany the summons.

In addition, the reasons provided by both the Defendants as to why their acts were not culpable, strain belief and should not be accepted by this Court.  Specifically, both T-Mobile and HTC claim that they both never saw the 47 page Amended Complaint served upon them on the same day as the summons.

---

[28] *Franchise Holding II, LLC*, 375 F.3d at 926 (*citing Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) ("If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer' his conduct is culpable. Here, it is apparent that Eclat, through its president, Mr. Bujkovsky, had actual notice of the summons and complaint at the latest a day after it was served. Mr. Bujkovsky, as a lawyer, presumably was well aware of the dangers of ignoring service of process. For these reasons, we do not believe that the district court abused its discretion by refusing to vacate the default judgment.")).

[29] Motion for Additional Time to Answer, Dkt. 10, at 3.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 11

As communicated by the Court to T-Mobile, in its February 16, 2011 Order, both "experienced corporate defendants" have vast resources at their disposal for responding to complaints. [30]  Yet here, T-Mobile's only alleged reason for inadvertence is that Robert M. Andalman, a partner at the international firm of Loeb & Loeb, consisting of over 300 attorneys, "did not realize the FAC was included" with the summons.[31] Mr. Andalman does not attach the e-mail correspondence to him from T-Mobile forwarding the Service of Process and Amended complaint.  In addition, T-Mobile never asserts that the Amended Complaint was not identified with the summons by other counsel or its agents – such failure reveals that T-Mobile has not met its burden to show lack of culpability.

T-Mobile would have the Court believe, by inference, that nobody else on behalf of T-Mobile reviewed the service at all.[32]   Accordingly, T-Mobile's in-house counsel and paralegals never reviewed the service nor did any of the paralegals, associates, and other partners at Loeb & Loeb, to say nothing of any other employees and executives of T-Mobile or attorney's at the other law firms representing T-Mobile in this matter.

On February 10, 2011, T-Mobile filed its Motion for Additional Time to Answer.[33] Importantly, T-Mobile was required to bring its request for additional time in compliance with Federal Rule of Civil Procedure 11 – requiring reasonable inquiry of the facts and claims therein.  However, again, T-Mobile would have this Court believe that no-one bothered to check what was served despite attesting and arguing in its motion for additional time as to only one topic - service of the Original and Amended complaints. According to T-Mobile, Mr. Andalman only discovered the 47 page document on February 17, 2011 after proof of service was filed.  Again this strains credulity.

---

[30] Order, Dkt. 13, at 2.
[31] Declaration of Robert M. Andalman, ¶2, Dkt. 24.
[32] Alternatively Defendants chose not to provide the sworn testimony of their other agents who viewed the Amended Complaint despite the fact that they have the burden of showing lack of culpability.
[33] Motion for Additional Time, Dkt. 10.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 12

Even more remarkable, the other sophisticated corporate Defendant allegedly suffered from the <u>exact</u> same dilemma and exact same factual circumstances: HTC also provided, by affidavit, that the only reason it did not see the Amended Complaint, was because partner Rosemarie Ring, of Munger, Tolles & Olson, LLP, a firm of almost 200 attorneys, also did not realize that the Amended Complaint was included with the summons.[34]   Ms. Ring does not attached the correspondence/package to her from HTC forwarding the Service of Process and Amended Complaint.  Moreover, and again, HTC leaves a hole in its testimony by failing to note whether any other of its counsel did view the Amended Complaint.

HTC would also have the Court believe that nobody else, on behalf of HTC reviewed the service at all.  Accordingly, HTC's in-house counsel and paralegals never reviewed the service nor did any of the paralegals, associates, and other partners at Munger, Tolles & Olson, LLP, to say nothing of any other employees and executives of HTC or attorneys at the other law firms representing HTC in this matter.

Of course HTC was working with T-Mobile on this matter from the start, so they certainly would have advised each other of the presence of the Amended Complaint with the summons had they seen it.  This concern is purportedly taken care of because, by an alleged unbelievable coincidence, both claim that Mr. Andalman and Ms. Ring never saw it (without claiming whether any other agent did or did not).  Yet another coincidence, it is only on February 17, 2011, that Ms. Ring also realized (just like Mr. Andalman) that the Amended Complaint was included in the documents when she saw the Plaintiffs' proof of service.[35]

While the Plaintiffs are aware that Defense counsel are capable of simply making a mistake, such was not the case here and the allegations made by Defendants in their

---

[34] Declaration of Rosemarie T. Ring, ¶6, Dkt. 25.

[35] *Id*. ¶6.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1    Motion to Vacate come nowhere near meeting their burden of showing they did not engage

2    in culpable conduct.  If anything, the facts before this Court demonstrate that culpability.

3         Such, in and of itself, warrants denial of the Defendants' Motion to Vacate.   In

4    addition, there is also the possibility that setting aside the default will constitute prejudice

5    to the Plaintiffs.[36]   Here, the Defendants failed to answer the Amended Complaint while

6    contemporaneously moving for additional time to answer or craft another answer.  This

7    Court denied T-Mobile's Motion for Additional Time and required that the "experienced

8    corporate defendants" respond in a timely fashion.[37]   By failing to so respond, the

9    Defendants *de facto* overruled this Court's Order and gave themselves additional time to file

10   their answers.  Naturally, these acts prejudice the Plaintiffs by providing the Defendants

11   additional time despite the clear ruling of this Court on the matter.

12                                    **IV.**

13                              <u>Conclusion</u>

14        For the reasons set forth above, Plaintiffs ask the Court to deny the Defendants' Joint

15   Motion to Vacate and for such other relied as the Court deems just.

---

[36] While Plaintiffs disagree that the alleged meritorious defenses expressed by Defendant in section III(B)(2) could succeed, Plaintiffs do not deny that T-Mobile might have made such arguments.
[37] Order, Dkt. 13, at 2.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF
DEFAULT - Case No. 3:10-cv-05663-WHA Page 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

THE COREA FIRM, P.L.L.C.

Dated:  March 10, 2011          By:          /s/ Thomas M. Corea
THE COREA FIRM, P.L.L.C.
Thomas M. Corea, Esq.
Texas State Bar No. 24037906
*Pro Hac Vice*
Grant B. Stock, Esq.
Texas State Bar No. 24033240
*Pro Hac Vice* Admission Pending
1201 Elm Street, 41st Floor
Dallas, Texas 75270
Telephone:  (214) 953-3900
Facsimile:  (214) 953-3901
E-mail: tcorea@corealaw.com
E-mail: gstock@corealaw.com

OTSTOTT & JAMISON, P.C.
George A. Otstott Sr., Esq.
Texas Bar No. 15342000
*Pro Hac Vice* Admission Pending
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:  (214) 522-9999
Facsimile:  (214) 828-4388
E-mail: gotstott@otstottandjamison.com

BRYDON, HUGO & PARKER
George Avery Otstott Jr., Esq.
California Bar No. 184671
135 Main Street, 20th Floor
San Francisco, California 94105
Telephone:  (415) 808-0300
Facsimile: (415) 808-0333

Attorneys for Plaintiffs

BRYDON, 
HUGO & PARKER 
135 MAIN STREET 
20TH FLOOR 
San Francisco, CA 94105

PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT - Case No. 3:10-cv-05663-WHA Page 15