United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY LEE ARELLANO, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. and HTC AMERICA, INC.,<br><br>Defendants. | No. C 10-05663 WHA<br><br>**ORDER VACATING CLERK'S ENTRY OF DEFAULT AND VACATING HEARING** |

## INTRODUCTION

In this proposed class action, defendants move to vacate the Clerk's entry of default. For the reasons stated below, the entry of default is **VACATED**.

## STATEMENT

Defendants T-Mobile USA, Inc., and HTC America, Inc., are providers of wireless cellular telephone service. Plaintiff Stacy Lee Arellano allegedly "purchased from T-Mobile, due to its partnership with Defendant HTC, the 'T-Mobile MyTouch 4G' SmartPhone from T-Mobile retail locations" (First Am. Compl. ¶ 4). Plaintiff allegedly was "deceived by Defendants' misrepresentations as to the availability of '4G' SmartPhones and, because of such, [was] induced into entering long-term service contracts with T-Mobile and [was] sold HTC-manufactured SmartPhones incapable of performing as promised" (*id.* at 2).

1  This proposed class action originally was filed by Dustin S. Peterson on
2  December 13, 2010. The original complaint asserted two claims against T-Mobile: (1) violation
3  of the Federal Communications Act and (2) money had and received and unjust enrichment.
4  Peterson issued summons for the original complaint to T-Mobile and HTC on December 13.

5  On January 12, an amended complaint was filed by Peterson and Arellano. The amended
6  complaint asserted ten claims for relief: (1) violation of California Unfair Competition Law by
7  T-Mobile, (2) violation of California Unfair Competition Law by HTC, (3) violation of California
8  False Advertising Law by T-Mobile, (4) violation of the California False Advertising Act by
9  HTC, (5) violation of the California Consumer Legal Remedies Act by T-Mobile, (6) violation of
10 the California Consumer Legal Remedies Act by HTC, (7) violation of California Uniform
11 Commercial Code Section 2312 by T-Mobile, (8) violation of California Uniform Commercial
12 Code Section 2312 by HTC, (9) violation of the Federal Communications Act by T-Mobile, and
13 (10) money had and received and unjust enrichment by T-Mobile. On March 15, Peterson
14 voluntarily dismissed his claims. Accordingly, the motion to vacate default is moot as to
15 Peterson, but will proceed forward as to Arellano.

16 On January 25, each defendant received a service package that included (1) a transmittal
17 form that identified the package as relating to the original complaint, (2) the summons issued on
18 December 13, bearing the caption of the original complaint, (3) supplementary documents,
19 (4) a civil cover sheet dated December 13, referencing the original complaint and case caption,
20 (5) a copy of the original complaint, (6) an ECF registration handout, and (7) a copy of the
21 amended complaint. Defendants claim that neither realized that the amended complaint was
22 included in the service package.

23 On February 10, T-Mobile filed a motion requesting that this Court set a date by which to
24 respond to the amended complaint. In that motion, T-Mobile stated that the amended complaint
25 had not yet been served. Plaintiff did not respond to the motion. Believing that the amended
26 complaint had not yet been served on T-Mobile, this Court denied the motion, reasoning that
27 because a response to the amended complaint would be due 14 days after its service, a response
28 was not required "unless and until the amended complaint is properly served" (Dkt. No. 13).

2

1   On February 17, plaintiff filed proofs of service for the January 25 service, claiming that
2   the amended complaint had been served on both defendants. On February 18, plaintiff moved for
3   entry of default, which the Clerk granted the same day. Defendants now jointly move to vacate
4   the Clerk's entry of default.

**ANALYSIS**

6   Defendants move pursuant to Federal Rule of Civil Procedure 55(c) to set aside the entry
7   of default. Rule 55(c) provides: "The court may set aside an entry of default *for good cause*, and
8   it may set aside a default judgment under Rule 60(b)" (emphasis added). The Ninth Circuit has
9   stated that "[t]he court's discretion is especially broad where, as here, it is entry of default that is
10  being set aside, rather than a default judgment . . . . Where timely relief is sought from a default
11  and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion
12  to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard*
13  *Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (internal quotation marks omitted).

14  The Ninth Circuit examines three factors in determining whether or not there is
15  "good cause": "whether the defendant's culpable conduct led to the default; whether the
16  defendant has a meritorious defense; and whether reopening the default judgment would prejudice
17  the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

18  The first factor is whether defendants engaged in "culpable conduct." "Neglectful failure
19  to answer as to which the defendant offers a credible, good faith explanation negating any
20  intention to take advantage of the opposing party, interfere with judicial decisionmaking, or
21  otherwise manipulate the legal process is not 'intentional' under our default cases, and is
22  therefore not *necessarily* — although it certainly may be, once the equitable factors are
23  considered — culpable or inexcusable." *Id.* at 697–98. The Ninth Circuit further explained, "we
24  have typically held that a defendant's conduct was culpable . . . where there is no explanation of
25  the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."
26  *Id.* at 698.

3

1	Defendants explain that they did not respond to the amended complaint because neither
2 T-Mobile nor HTC realized that the January 25 service package contained the amended
3 complaint. Plaintiff argues that this explanation is implausible, as defendants both "have vast
4 resources at their disposal for responding to complaints" (Opp. 12).

5	This order finds defendants' explanation persuasive. *First*, the summons and the civil
6 cover sheet in the January 25 service package referenced the original complaint, rather than the
7 amended complaint. This could have led defendants to believe that the package contained only
8 the original complaint. *Second*, defendants clearly expressed their belief that they had not been
9 served with the amended complaint to the Court. In its motion requesting that this Court set a
10 date by which to respond to the amended complaint, T-Mobile stated that it had not been served
11 with the amended complaint. The February 16 Order repeated this belief, as the holding was
12 premised on the understanding that defendants had not yet been served with the amended
13 complaint. This put plaintiff on notice that defendants did not believe that they had been served
14 with the amended complaint. Plaintiff, however, never asserted that she had in fact served
15 defendants with the amended complaint until she filed the proofs of service on February 17. It is
16 worth noting that plaintiff did not file the proofs of service until two days after the February 15
17 response date established by the January 25 service.

18	The second factor is whether defendants have meritorious defenses against plaintiff's
19 claims. "A defendant seeking to vacate a default judgment must present specific facts that would
20 constitute a defense. But the burden on a party seeking to vacate a default judgment is not
21 extraordinarily heavy." *TCI*, 244 F.3d at 700 (citation omitted). Here, defendants assert that they
22 have meritorious defenses, including the following: (1) defendants have the right to arbitrate the
23 underlying dispute consistent with the terms and conditions for T-Mobile service and the Federal
24 Arbitration Act, (2) T-Mobile's service and MyTouch 4G are in fact 4G, (3) plaintiff cannot state
25 a claim under Section 201(b) of the Federal Communications Act, and (4) plaintiff did not
26 provide the required statutory notice of the CLRA and warranty claims. Plaintiff does not dispute
27 that the defendants may have meritorious defenses. Although this order refrains from ruling on
28 the merits of these defenses at this time, it recognizes that these defenses could be meritorious.

4

The third factor is whether vacating the default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *Id.* at 701 (internal quotation marks omitted). Examples of hindrance include the loss of evidence, increased difficulties of discovery, or a greater opportunity for fraud or collusion. *Ibid.* Setting aside the entry of default would not prejudice plaintiff. Plaintiff has not shown that doing so would result in evidentiary or discovery problems or increase the risk for fraud. Rather, plaintiff complains that vacating the default would prejudice plaintiff by providing defendants additional time to respond to the amended complaint. The Ninth Circuit has held, however, that "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Ibid.* Furthermore, any delay that may be caused by vacating default is minimal. The Clerk entered default only three days after the February 15 response date established by the January 25 service. Moreover, defendants moved to vacate the entry of default the next business day.

Accordingly, this order finds that defendants have shown good cause to set aside the entry of default. As this argument is dispositive, defendants' other argument in support of their motion need not be considered.

## CONCLUSION

For the foregoing reasons, the Clerk's entry of default is **VACATED**. Defendants are granted **FOURTEEN CALENDAR DAYS** from the date of this order to file an answer to the second amended complaint. The hearing scheduled for March 31, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 24, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5