IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STACY LEE ARELLANO, individually
and on behalf of all those similarly situated,

    Plaintiff,

  v.

T-MOBILE USA, INC. and HTC
AMERICA, INC.,

    Defendants.

No. C 10-05663 WHA

**ORDER CLARIFYING
MARCH 24 ORDER**

The parties jointly seek clarification of the following statement in the March 24 order vacating the clerk's entry of default: "Defendants are granted fourteen calendar days from the date of this order to file an answer to the second amended complaint." (Dkt. No. 69).

*First*, the parties "believe the March 24 Order was meant to refer to the First Amended Complaint since Plaintiff has not filed a second amended complaint in this action" (Dkt. No. 70 at 2). The parties are correct.

*Second*, the parties seek confirmation of their belief that defendants' pending motion to compel arbitration counts as a timely responsive pleading. It does not. Rule 12(b) does not list any such motion, and the parties cite no binding authority for their position that "[a] motion to compel arbitration is regarded as a responsive pleading under Fed. R. Civ. P. 12(b) although not specifically mentioned in the text of that rule" (*id.* at 2 n.1). Defendants must timely respond to the operative complaint pursuant to Rule 12. Defendants' anticipated précis requesting leave to file a motion to dismiss would suffice.

**IT IS SO ORDERED.**

Dated: March 31, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE