THE COREA FIRM, P.L.L.C.
Thomas M. Corea, Esq.
Texas State Bar No. 24037906
Admitted *Pro Hac Vice*
Grant B. Stock, Esq.
Texas State Bar No. 24033240
Admitted *Pro Hac Vice*
1201 Elm Street, 41st Floor
Dallas, Texas 75270
Telephone: (214) 953-3900
Facsimile: (214) 953-3901
E-mail: tcorea@corealaw.com
E-mail: gstock@corealaw.com

OTSTOTT & JAMISON, P.C.
George A. Otstott Sr., Esq.
Texas Bar No. 15342000
*Pro Hac Vice* Admission Pending
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone: (214) 522-9999
Facsimile:(214) 828-4388
E-mail: gotstott@otstottandjamison.com

BRYDON, HUGO & PARKER
George Avery Otstott Jr., Esq.
California Bar No. 184671
135 Main Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0333

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| STACY LEE ARELLANO and DUSTIN S. PETERSON, *Individually and On Behalf Of All Those Similarly Situated,*<br><br>    *Plaintiffs,*<br>    v.<br><br>T-MOBILE USA, INC. and HTC AMERICA, INC.,<br><br>    *Defendants.* | **Case No. 3:10-cv-05663-WHA**<br><br>**PLAINTIFFS' BRIEFING IN LIGHT OF** *AT&T MOBILITY LLC v. CONCEPCION*<br><br><u>CLASS ACTION</u><br><br>Judge: Honorable William H. Alsup |

## TABLE OF CONTENTS

|   |   | PAGE |
|---|---|---|
| I. | INTRODUCTION & STATEMENT OF ISSUES | 1 |
| II. | STATEMENT OF FACTS | 2 |
|   | a. UNDERLYING PROCEDURE OF THIS LAWSUIT | 2 |
|   | b. SUMMARY OF *AT&T v. CONCEPCION* | 2 |
| III. | ARGUMENTS & AUTHORITIES | 4 |
|   | a. PROSPECTIVE LITIGANTS SHOULD NOT BE *DE FACTO* PRECLUDED FROM BRINGING THEIR CLAIMS AND BEING MADE WHOLE | 4 |
|   | b. PLAINTIFFS SHOULD NOT BE DENIED THE RIGHT TO INJUNCTIVE RELIEF AS PRIVATE ATTORNEYS GENERAL | 7 |
| IV. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Cases**

*America Online, Inc. v. Superior Court,* 90 Cal.App.4th 1, 108 Cal.Rptr.2d 699 (2001) ................ 7

*AT&T Mobility LLC v. Concepcion et ux*. No. 09-893, __ S. Ct. __, 2011 WL 1561956 (2011) 1, 2, 3, 4, 5

*AT&T Mobility LLC v. Concepcion*, 130 S. Ct. 3322 (2010) ............................................................. 1

*Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066, 988 P.2d 67 (Cal. 1999) .............. 7

*Cruz v. Pacificare Health Systems, Inc.*, 30 Cal. 4th 303, 66 P.3d 1157 (Cal. 2003) ......................... 7

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ............................................................ 4

*Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078 (9th Cir. 2008) ........................................ 7

*In re American Express Merchants' Litigation*, 634 F.3d 187 (2nd Cir. 2011) .............................. 4, 5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ...................... 4

# I.
## INTRODUCTION AND STATEMENT OF ISSUES

On April 11, 2011, this Court issued its Order Granting in Part Defendants' Motion to Compel Arbitration and Partially Staying the Action.[1]  Within that Order, the Court considered application of the arbitration clause at issue to the Plaintiffs' claims for injunctive relief under the California Unfair Competition Law, California Consumer Legal Remedies Act, California False Advertising Act, and Federal Communications Act.[2]  This Court stayed proceedings on the relevant claims until the Supreme Court issued its decision in *AT&T Mobility LLC v. Concepcion*, 130 S. Ct. 3322 (2010).[3]  This Court further ordered that "[b]oth sides shall submit further briefing of the matter within TEN CALENDER DAYS of the date on which the Supreme Court issues its decision."[4]

On April 27, 2011, the United States Supreme Court issued its opinion in *AT&T Mobility LLC v. Concepcion et ux*.  No. 09-893, __ S. Ct. __, 2011 WL 1561956 (2011).[5]  That opinion is distinguishable to the issues in this lawsuit.  Here, unlike the facts stated in *Concepcion*, plaintiffs would effectively be precluded from bringing their claims and being made whole if forced to individual arbitration.  This is because the costs an individual plaintiff would incur (costs that would not be incurred in *Concepcion* under that agreement) would be prohibitively high.  Accordingly, plaintiffs would forego their substantive rights. In addition, forcing individual arbitration and individual injunctive relief would deny plaintiffs the right to bring certain actions as private attorney's general on behalf of the public in general and for their benefit.

---

[1] Order Granting in Part Defendants' Motion to Compel Arbitration and Partially Staying the Action, Dkt. 79.
[2] *Id*. at 9.
[3] *Id*. at 10.
[4] *Id.*
[5] Attached hereto as Exhibit "A".

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA  - Page 1

## II.
## STATEMENT OF FACTS

### A. Underlying Procedure of this Lawsuit.

Plaintiffs purchased phones manufactured and sold by Defendants and long-term service contracts based on Defendants' claims that those phones operated at "4G" speeds on "America's largest 4G network." Relying on Defendants' use (misuse) of the term "4G", Plaintiffs entered into long-term service contracts with Defendant T-Mobile for the benefit of the alleged "4G" speed and network. However, Plaintiffs claim that the phones did not operate at 4G speeds or on a 4G network.

In response to Plaintiffs' First Amended Complaint, Defendants filed a Joint Motion to Compel Arbitration and Stay Claims on the basis of an arbitration clause contained in T-Mobile's Terms and Conditions. Defendants filed their Joint Motion to Compel Arbitration and Stay Claims on February 22, 2011. Plaintiff filed her response on March 17, 2011 and Defendants filed their Reply on March 24, 2011.

### B. Summary of *AT&T v. Concepcion.*

As previously stated, on April 27, 2011, the United States Supreme Court issued its opinion in *AT&T Mobility LLC v. Concepcion et ux*. No. 09-893, __ S. Ct. __, 2011 WL 1561956 (2011). In *Concepcion*, plaintiffs Vincent and Liza Concepcion entered into an agreement for the sale and servicing of cellular telephones with AT&T Mobility ("AT&T").[6] The contract required that all disputes be arbitrated and precluded any form of class action.[7] Amongst other things, the agreement provided that, in arbitration, if a claimant received an award greater than AT&T's last written offer, AT&T would pay a $7,500 minimum recover and twice attorney's fees.[8] The agreement also provided that AT&T would pay all costs for non-frivolous claims.[9]

---

[6] *AT&T Mobility LLC v. Concepcion et ux*. No. 09-893, __ S. Ct. __, 2011 WL 1561956, at *3 (2011).
[7] *Id.*
[8] *Id.*
[9] *Id.*

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA - Page 2

In March 2006, the Concepcions filed suit (for themselves and what later became a class) against AT&T alleging that the company had engaged in false advertising and fraud because it charged a sales tax on phones that it had previously advertised as free.[10] AT&T moved to compel arbitration and the Concepcions opposed. The Concepcions argued that the arbitration agreement was unconscionable and unlawfully exculpatory because it disallowed class-wide procedures.[11] While denying the motion for arbitration, the United States District Court for the Southern District of California described AT&T's arbitration process favorably, noting that class members would likely be worse off than individuals bringing a claim in arbitration.[12] Regardless, the District Court found the provision unconscionable because the arbitration could not substitute for the deterrent effect of class actions.[13] The Ninth Circuit affirmed.[14]

The United States Supreme Court reversed and remanded. The Court held "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."[15]

In *Concepcion*, the Court pointed out that the purpose of affording the parties discretion to design the arbitration process was for "efficient streamlined procedures tailored to the type of dispute."[16] The Supreme Court then examined and relied upon the purposes and objectives of the FAA while discussing how the switch from bilateral to class arbitration would sacrifice the advantages of arbitration such as informality and would increase the risks to defendants of great financial harm absent court procedures.[17] Importantly, the Court found that, "as noted earlier, the arbitration agreement provided that AT&T will pay claimants a minimum of $7,500 and twice attorney's fees if they obtain"

---

[10] *Id*.
[11] *Concepcion,* 2011 WL 1561956, at *3.
[12] *Id*.
[13] *Id*.
[14] *Id*. at *4.
[15] *Id*. at *8.
[16] *Concepcion,* 2011 WL 1561956, at *8.
[17] *Id*. at *9-12.

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA  - Page 3

a greater award than offered by AT&T and that the particular arbitration scheme had previously been found better than the class alternative.[18]

## IV.
### ARGUMENTS & AUTHORITIES

**A. Prospective Litigants Should Not be *De Facto* Precluded from Bringing Their Claims and Being Made Whole.**

Statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA.[19] However, and as recognized by the United States Supreme Court in *Gilmer v. Interstate/Johnson Lane Corp*, "by agreeing to arbitrate a statutory claim, a party **does not forgo** the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial forum."[20]

In *Gilmer* a collective and possible class action remedy was available, and thus the United States Supreme Court held the arbitration clause therein enforceable.[21] Here, however, the practical effect of enforcement of the waiver would be to preclude bringing the claims under the California Unfair Competition Law, California Consumer Legal Remedies Act, California False Advertising Act, and Federal Communications Act.[22]

In *Concepcion*, the Court found that mandating classwide arbitration would interfer with the FAA. Here, however, the arbitration clause is void because it agrees to forego substantive rights afforded by statute. Such is accomplished not by virtue of the inability to bring a class action, but by the fact that the arbitration clause in question would preclude an individual from ever bringing these types of claims by foisting prohibitive costs on the individual plaintiff.

In *Concepcion*, the Court cited to both *Gilmer* and *Mitsubishi*, while also being careful to point out that, under the terms of the AT&T contract, findings had already been made

---

[18] *Id.* at *13.
[19] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).
[20] *Id.* (emphasis added) (*citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).
[21] *Gilmer*, 500 U.S. at 32; *see also In re American Express Merchants' Litigation*, 634 F.3d 187, 196 (2nd Cir. 2011).
[22] *See In re American Express Merchants' Litigation*, 634 F.3d at 196.

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA - Page 4

that individuals were better off under the arbitration agreement then as participants in a class action.[23] According to *Concepcion*, aggrieved AT&T customers would be "essentially guaranteed" to be made whole.[24] Here, unlike in *Concepcion*, there exists no agreement to pay claimants a minimum of $7,500 and twice their attorney's fees if they obtain an award greater than AT&T's settlement offer.[25] Moreover, unlike AT&T in *Concepcion*, T-Mobile did not agree to pay all costs of a non-frivolous suit. In this lawsuit, there is no guarantee that claimants will be made whole. Moreover, as per the T-Mobile Terms & Conditions, any injunctive relief or declaratory relief would only be with respect to the individual claimant.

While T-Mobile, in its Terms & Conditions, agrees to pay filing, administrator, and arbitrator fees, such does not account for the prohibitive costs involved in showing T-Mobile's and HTC's 4G sham.[26] Here, the costs to be borne by an individual plaintiff in arbitration would be prohibitive and effectively deprive a plaintiff of his or her statutory protections and legal rights.

As detailed in the First Amended Class Action Complaint, the history of T-Mobile's move from 3G to its purported "4G" is both long and detailed.[27] Even on the more informal rules of arbitration, facts and testimony would be required from numerous sources, including T-Mobile, Deutsche Telekom, HTC, the International Telecommunication Union, various other telecommunications corporations, the National Advertising Division and 4G Americas, not to mention numerous costly experts. Importantly, it is known that Sprint Nextel Corporation brought similar claims as to T-Mobile's "4G" representations before the National Advertising Division at a cost to Sprint certainly in the hundreds of thousands of dollars, if not more.

The Disclosures of both Defendants further reveal the scope and magnitude of these actions as they pertain to T-Mobile's "4G" network. T-Mobile asserts that "[m]any T-

---

[23] *Concepcion*, 2011 WL 1561956, at *13.
[24] *Id.*
[25] *Id.*
[26] *See In re American Express Merchants' Litigation*, 634 F.3d at 197-198.
[27] First Amended Class Action Complaint, ¶¶36-144, at Dkt. 5.

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA - Page 5

Mobile employees and employees of contractors and others that have worked with T-Mobile" have information about the 4G network.[28]  It also lists additional contractors and vendors with knowledge including Nokia Siemens, Ericsson, Alcatel Lucent, Cisco Systems, Inc. and of course HTC.[29]  T-Mobile also reserves the right to request testimony from a corporate representative of Metrico Wireless, Inc. who conducted tests and comparisons with respect to the "4G" network.[30]  In addition, T-Mobile makes it known that numerous third party wireless industry analysts and media publications have performed comparisons and testing, including Yankee Group, PhoneScoop, MSNBC and PC World.  Again T-Mobile asserted it might request such testimony.[31]

Separately, T-Mobile identifies a host of additional information and individuals with knowledge based upon the marketing and advertising of "4G" as well as consumer studies conducted with respect to T-Mobile's network[32]  Again T-Mobile affirms that this information might be requested by it for use in the lawsuit.

The amount of relevant information, witnesses and studies is incredibly large.  In addition to that mentioned above, T-Mobile identifies various competitors, government and regulatory agencies, standard-setting bodies, trade groups and other studies all relevant to the lawsuit.[33]  This bulk of information would require not only attorney review but would also lead to the incurrence of massive costs were an individual expected to incur as much in research, testimony, investigation, studies, and expert analysis to bring their individual claim for arbitration forward – which individual claim would be for a phone and contract of under $1000.  HTC America, Inc.'s First Supplemental Initial Disclosures essentially echo those of T-Mobile and further solidify the idea that arbitration would wipe out any redress to an individual plaintiff based upon cost prohibitiveness under this case.[34]

---

[28] Initial Disclosures of Defendant T-Mobile USA, Inc., Pursuant to Fed. R. Civ. P. 26, attached hereto as Exhibit "B".
[29] *Id*. at 3.
[30] *Id*.
[31] *Id*. at 4.
[32] *Id*.
[33] *Id*. at 5-9.
[34] *See* HTC America, Inc.'s First Supplemental Initial Disclosures Pursuant to Fed. R. Civ. P. 26, attached hereto as Exhibit "C".

Should this Court deem the above insufficient to demonstrate the massive and prohibitive costs an individual plaintiff would face, at this juncture Plaintiffs should at least be entitled to put forward further evidence which reveals the prohibitive costs that an individual plaintiff would be forced to incur.[35]

### B. Plaintiffs Should Not be Denied the Right to Injunctive Relief as Private Attorney's General.

In addition to the fact that, unlike in *Concepcion*, individual plaintiffs would not be made whole but, would instead be faced with prohibitive costs, such plaintiffs would also not be made whole by the very fact that the remedies in the statutes upon which they rely would not and could not be enforced.

As stated in *Broughton v. Cigna Healthplans of California*,[36] when dealing with the CLRA, a plaintiff "is functioning as a private attorney general, enjoining future deceptive practices on behalf of the general public."[37] Accordingly, preclusion of injunctive relief on behalf of the class equates to preclusion of the ability to obtain effective relied – enjoining deceptive practices on behalf of the public in general.[38] Such public interest is also clearly evidence pursuant to the UCL, as held in *Cruz v. Pacificare Health Systems, Inc.*[39] *Cruz* further stated that the United States Supreme Court had never directly decided whether a legislature could restrict a private arbitration agreement when it inherently conflicted with a public statutory purpose and transcended private interests.[40] *Concepcion* never addressed that specific question but rather focused on the availability of a class action procedure.

---

[35] *Cf. Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1085 (9th Cir. 2008) (remanding to the District Court for additional fact finding to determine if "an actual, meaningful, and reasonable choice" was provided to consumers).
[36] 21 Cal. 4th 1066, 988 P.2d 67 (Cal. 1999).
[37] *Id*. at 1079-1080.
[38] *See also America Online, Inc. v. Superior Court,* 90 Cal.App.4th 1, 108 Cal.Rptr.2d 699 (2001) (holding that, where forum selection and choice-of-law provisions would operate to essentially eliminate consumers' ability to bring a class action based on the CLRA, such is unenforceable because of § 1751.)
[39] 30 Cal. 4th 303, 66 P.3d 1157 (Cal. 2003).
[40] Id. at 313.

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA  - Page 7

Certainly, *Concepcion* did not address the ability of the party to act as a private attorney general.

## IV.
### CONCLUSION

For the reasons set forth above, Plaintiffs ask the Court to deny the Defendants' Joint Motion to Compel Arbitration and Stay Claims and for such other relied as the Court deems just.

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA  - Page 8

                                            Respectfully submitted,

                                            THE COREA FIRM, P.L.L.C.

Dated: May 6, 2011        By:    /s/ Thomas M. Corea
                                            THE COREA FIRM, P.L.L.C.
                                            Thomas M. Corea, Esq.
                                            Texas State Bar No. 24037906
                                            Admitted *Pro Hac Vice*
                                            Grant B. Stock, Esq.
                                            Texas State Bar No. 24033240
                                            Admitted *Pro Hac Vice*
                                            1201 Elm Street, 41st Floor
                                            Dallas, Texas 75270
                                            Telephone: (214) 953-3900
                                            Facsimile: (214) 953-3901
                                            E-mail: tcorea@corealaw.com
                                            E-mail: gstock@corealaw.com

                                            OTSTOTT & JAMISON, P.C.
                                            George A. Otstott Sr., Esq.
                                            Texas Bar No. 15342000
                                            *Pro Hac Vice* Admission Pending
                                            Two Energy Square
                                            4849 Greenville Avenue, Suite 1620
                                            Dallas, Texas 75206
                                            Telephone: (214) 522-9999
                                            Facsimile: (214) 828-4388
                                            E-mail: gotstott@otstottandjamison.com

                                            BRYDON, HUGO & PARKER
                                            George Avery Otstott Jr., Esq.
                                            California Bar No. 184671
                                            135 Main Street, 20th Floor
                                            San Francisco, California 94105
                                            Telephone: (415) 808-0300
                                            Facsimile: (415) 808-0333

                                            Attorneys for Plaintiffs

PLAINTIFFS' BRIEFING IN LIGHT OF AT&T MOBILITY LLC v. CONCEPCION - Case No. 3:10-cv-05663-WHA  - Page 9