United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE LEE ARELLANO, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. and HTC AMERICA, INC.,<br><br>Defendants. | No. C 10-05663 WHA<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR INJUNCTIVE RELIEF** |

**INTRODUCTION**

In this proposed class action dispute, the parties submitted supplemental briefs on defendants' previous motion to compel arbitration.

**STATEMENT**

The facts are in the April 11 order. That order granted in part defendants' motion to compel arbitration and partially stayed the action. Specifically, plaintiff's seventh, eighth, and tenth claims, which did not seek injunctive relief, were ordered to proceed immediately to arbitration. Plaintiff's first, second, third, fourth, fifth, sixth, and ninth claims for injunctive relief were stayed pending the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011), which concerned the issue of whether the Federal Arbitration Act preempts California's unconscionability law regarding arbitration of such claims. With the benefit now of that decision and further briefing, this order is compelled to do as follows.

**ANALYSIS**

Plaintiff seeks injunctive relief, among other remedies, for her claims brought under the California Unfair Competition Law, California Consumer Legal Remedies Act, California False Advertising Act, and Federal Communications Act. In her original brief opposing defendants' motion to compel arbitration, plaintiff argued that these claims for injunctive relief were not subject to arbitration. This proposition came from *Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066, 1079–80 (1999) (holding that claims for public injunctive relief brought under the CLRA are not subject to arbitration), and *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303, 316 (2003) (holding that claims for public injunctive relief brought under the UCL are not subject to arbitration).

The Act, however, preempts California's preclusion of public injunctive relief claims from arbitration, at least for actions in federal court. "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984). The United States Supreme Court explained:

> In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. . . . We discern only two limitations on the enforceability of arbitration provisions governed by the Federal Arbitration Act: they must be part of a written maritime contract or a contract "evidencing a transaction involving commerce and such clauses may be revoked upon "grounds as exist at law or in equity for the revocation of any contract." We see nothing in the Act indicating that the broad principle of enforceability is subject to any additional limitations under State law.

*Id.* at 10–11 (quoting 9 U.S.C. 2). Unless one of these two limitations is present, arbitration agreements must be enforced "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

The recent *Concepcion* decision compels preemption: "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *Concepcion*, 131 S.Ct. at *6. In sum, the Act preempts California's

2

1  exemption of claims for public injunctive relief from arbitration, at least for actions in
2  federal court.

3       Plaintiff's arguments to the contrary are unavailing. *First*, plaintiff argues that "the
4  arbitration clause is void because it agrees to forego substantive rights afforded by statute. Such
5  is accomplished . . . by the fact that the arbitration clause in question would preclude an
6  individual from ever bringing these types of claims by foisting prohibitive costs on the individual
7  plaintiff" (Dkt. No. 80 at 4). Perhaps regrettably, this argument was rejected by *Concepcion*:
8  "The dissent claims that class proceedings are necessary to prosecute small-dollar claims that
9  might otherwise slip through the legal system. But States cannot require a procedure that is
10 inconsistent with the FAA, even if it is desirable for unrelated reasons." 131 S.Ct at *13
11 (citation omitted).

12      *Second*, plaintiff argues that "preclusion of injunctive relief on behalf of the class equates
13 to preclusion of the ability to obtain effective relied [relief] — enjoining deceptive practices on
14 behalf of the public in general" (Dkt. No. 80 at 7). As stated above, however, *Concepcion* held
15 that "States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for
16 unrelated reasons." 131 S.Ct at *13.

17      *Third*, plaintiff argues that "*Cruz* further stated that the United States Supreme Court had
18 never directly decided whether a legislature could restrict a private arbitration agreement when it
19 inherently conflicted with a public statutory purpose and transcended private interests.
20 *Concepcion* never addressed that specific question but rather focused on the availability of a class
21 action procedure" (Dkt. No. 80 at 7). *Concepcion*, on the contrary, decided that states cannot
22 refuse to enforce arbitration agreements based on public policy. *See* 131 S.Ct at *13 (holding that
23 the rule in *Discover Bank* is preempted by the FAA because it is inconsistent with the FAA's
24 purposes, despite "its origins in California's unconscionability doctrine and California's policy
25 against exculpation"). Accordingly, despite public policy arguments thought to be persuasive in
26 California, *Concepcion* has trumped these considerations, at least for cases in federal court.

27
28

3

**CONCLUSION**

For the foregoing reasons, this order compels arbitration of plaintiff's remaining claims. Plaintiff's first, second, third, fourth, fifth, sixth, and ninth claims for injunctive relief will proceed immediately to arbitration. The parties are **ORDERED** to proceed immediately to arbitration of these claims. The Court shall retain jurisdiction to enforce any award. Further litigation of these claims is **STAYED** pending arbitration. Defendants' motion to compel arbitration now has been fully resolved, and all claims have been sent to arbitration. As stated in the April 11 order, there will be a case management conference at **11:00 A.M. ON DECEMBER 8, 2011**, to assess whether the arbitration is proceeding apace. If not, the stay for arbitration may be lifted.

**IT IS SO ORDERED.**

Dated:  May 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE