IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STACY LEE ARELLANO, individually
and on behalf of all those similarly situated,

    Plaintiff,

  v.

T-MOBILE USA, INC. and HTC
AMERICA, INC.,

    Defendants.

No. C 10-05663 WHA

**ORDER DENYING MOTION TO LIFT OR MODIFY STAY OF PROCEEDINGS AND VACATING HEARING**

## INTRODUCTION

In this purported class action, plaintiff moves to lift the stays of proceedings issued on April 11 and May 16 of 2011, based on a request to amend her pleadings (Dkt. Nos. 79, 82). Plaintiff's motion for leave to amend her complaint is **DENIED**. Plaintiff's motion to lift or modify the stays of proceedings is therefore also **DENIED**.

## STATEMENT

Plaintiff Stacy Lee Arellano was a customer of defendant T-Mobile USA, Inc.'s wireless service. Plaintiff purchased from T-Mobile a "T-Mobile MyTouch 4G Smartphone," manufactured by defendant HTC America, Inc. Plaintiff filed suit in March 2011 for various claims stemming from defendants' alleged failure to provide the 4G-quality service she was promised in her T-Mobile Service Agreement (First. Amd. Compl. ¶¶ 1, 4, 33–46).

In March 2011, a scheduling order issued pursuant to Rule 16, requiring that "[l]eave to add any new parties or pleading amendments . . . be sought by May 31, 2011 (Dkt. No. 66).

The next month, an order issued granting in part defendants' motion to compel arbitration pursuant to the arbitration agreement in plaintiff's T-Mobile Service Agreement (Dkt. No. 79). All of plaintiff's claims were stayed pending "immediate[] arbitration," except for her injunctive relief claims pending a decision by the Supreme Court in *AT&T Mobile LLC v. Concepcion*, 131 S. Ct. 1740 (2011). After the Supreme Court's decision was issued, all remaining claims were stayed in this action so that they too could "proceed immediately to arbitration" (Dkt. No. 82). The order also set a case management conference for December 8 "to assess whether arbitration [wa]s proceeding apace" (*ibid*.). Plaintiff's counsel did not appear at that case management conference (Dkt. No. 88). Another CMC was set for June 7 but then advanced to March 29 so that plaintiff could "show cause why the arbitration ha[d] not taken place" (Dkt. No. 91).

On March 22, 2012, plaintiff filed the instant motion to lift or modify the stays of proceedings "for the reason that, contemporaneously with the filing of this motion, [plaintiff] has also filed with this court a Motion For Leave To File Second Amended Complaint and, as well, the proposed Second Amended Complaint" (Dkt. No. 95). On March 26, plaintiff filed a proposed second amended complaint without seeking leave as required by Rules 15 and 16 (Dkt. No. 97). An order issued the next day striking that filing, stating that plaintiff had filed her second amended complaint "without receiving permission from the Court to do so" (Dkt. No. 98). Plaintiff then filed a motion for leave to file a second amended complaint on March 28, along with the proposed second amended complaint (Dkt. No. 100).

Plaintiff's proposed second amended complaint adds a new plaintiff, Carmelia Yancey, who plaintiff contends was not subject to the arbitration agreement with defendant T-Mobile. Plaintiff also asserts new claims under the Magnuson-Moss Warranty Act, which she claims are not subject to the arbitration agreement under *Kolev v. Euromotors West/The Auto Gallery*, 658 F.3d 1024 (9th Cir. 2011).

At the March 29 CMC, plaintiff presented no excuse for failing to arbitrate her initial claims when she was told to do so ten months ago. Plaintiff's counsel was told that he would have to "have a good excuse for having sat on [these claims] for ten months without moving

2

1  to arbitration." Plaintiff's counsel was warned that if plaintiff did not file a new motion for leave
2  to file a second amended complaint, "accompanied by a sworn declaration explaining the delay,"
3  her motion would be denied (Dkt. No. 103 at 8, 17).

4  Plaintiff did not file a new motion nor a declaration. She instead filed a supplemental
5  motion to her March 22 motion to lift the stays of proceedings, seeking an order "lifting
6  or otherwise modifying the present stay of this case so that the Court may address Plaintiff's
7  Motion For Leave To File Second Amended Complaint" (Dkt. No. 102). This motion outlines
8  her new claims, but gives *no* explanation for her ten-month delay in taking her initial claims
9  to arbitration.

**ANALYSIS**

11  Plaintiff has failed to timely prosecute her claims and has disregarded this Court's clear
12  and specific orders and warnings. Plaintiff's motion seeking leave to amend her complaint
13  is **DENIED** under Rule 16(b) for failure to show good cause for missing the deadline set out in the
14  scheduling order. Plaintiff's motion to lift or modify the stays of proceedings, because it is
15  based on the motion for leave to amend, is therefore also **DENIED**.

16  **1.   LEAVE TO AMEND.**

17  Under Rule 15(a), leave to amend should be given when justice so requires. This policy
18  "should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979
19  (9th Cir. 1981). Rule 15(a), however, does not apply when a district court has established
20  a deadline for amended pleadings under Rule 16(b) and a party has disregarded that deadline.
21  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A court may deny
22  as untimely a motion to amend filed after a scheduling order cutoff date if no request to modify
23  the order was made. *Id*. at 608–09. "A scheduling order is not a frivolous piece of paper, idly
24  entered, which can be cavalierly disregarded by counsel without peril." *Id*. at 610. If a party
25  wants to modify a scheduling order, it must demonstrate good cause for doing so. *Ibid*.
26  Good cause primarily considers the diligence of the party seeking modification. *Ibid*.

27  Plaintiff not only missed the deadline to amend her complaint by ten months, she has
28  failed to seek any modification of the scheduling order. She has not addressed Rule 16 at all

3

in her motion, and makes no attempt to demonstrate good cause for her inability to prosecute her claims in a timely manner. This failure alone ends the inquiry.

Plaintiff's only justification for seeking leave to file a second amended complaint is that she hopes to add a new plaintiff and allege new claims. Yet she alleges no new facts. Asserting only new legal theories does not amount to diligence under Rule 16. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Furthermore, plaintiff's counsel knew about the proposed new plaintiff back in May 2011, when plaintiff moved for leave to amend her complaint to add Ms. Yancey, only to withdraw that motion two weeks later (Dkt. Nos. 83, 84).

Plaintiff has repeatedly demonstrated an inability to diligently prosecute her claims, and has shown no good cause for her snail-like advance. Plaintiff's underlying motion for leave to file a second amended complaint is **DENIED**, and thus her instant motion to lift or amend the stays of proceedings is also **DENIED**.

### 2. DISMISSAL OF ALL CLAIMS.

Defendants argue that this order should dismiss all of plaintiff's claims pursuant to FRCP 41(b) for plaintiff's disregard of this Court's previous orders (Opp. 5–6). This order will not take such action at this time. If defendants wish for dismissal under Rule 41(b), they should file the appropriate motion to give plaintiff an opportunity to fully respond.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is **DENIED**. Accordingly, plaintiff's motion to lift or modify the stays of proceedings is also **DENIED**. The hearing scheduled for May 3, 2012 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 27, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4