**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STACY LEE ARELLANO,

    Plaintiff,

  v.

T-MOBILE USA, INC. and HTC AMERICA, INC.,

    Defendants.

No. C 10-05663 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B)**

## INTRODUCTION

In this contract action, defendants move to dismiss this action pursuant to Rule 41(b). For the reasons stated below, defendants' motion to dismiss is **GRANTED**.

## STATEMENT

Plaintiff Stacy Lee Arellano was a customer of defendant T-Mobile USA, Inc.'s wireless service. Plaintiff purchased from T-Mobile a "T-Mobile MyTouch 4G" smartphone, manufactured by defendant HTC America, Inc. Plaintiff filed suit as a purported class action for various claims stemming from defendants' alleged failure to provide the 4G-quality service she was promised in her T-Mobile service agreement (First Amd. Compl. ¶¶ 4–5, 145–147).

Defendants moved to compel arbitration pursuant to the arbitration agreement in plaintiff's T-Mobile service agreement. An April 2011 order granted in part defendants' motion to compel arbitration. All of plaintiff's claims were stayed pending immediate arbitration,

except for her injunctive relief claims pending a decision by the Supreme Court in *AT&T Mobile LLC v. Concepcion*, 131 S.Ct. 1740 (2011). After the Supreme Court's decision was issued, all remaining claims were stayed so that they too could "proceed immediately to arbitration." The order also set a case management conference for December 8, 2011 to assess whether arbitration was "proceeding apace." No one appeared for plaintiff at the case management conference. Another CMC was set for June 7, 2012 but then advanced to March 29, 2012 so that plaintiff could "show cause why the arbitration ha[d] not taken place" (Dkt. Nos. 79, 82, 88, 91).

At the March 29 CMC, plaintiff presented no excuse for failing to arbitrate her initial claims when she was invited to do so ten months prior. Plaintiff was admonished for sitting on her rights and not filing a demand for arbitration. She was also warned that this delay could lead to dismissal (Dkt. No. 103).

On March 28, 2012 plaintiff filed a motion for leave to amend her complaint — well after the scheduling deadline had passed. An April 27 order denied leave to amend pursuant to Rule 16 for failure to show good cause. Notably, plaintiff represented in her reply brief that she had already begun the process of stating her claims in arbitration, "which [p]laintiff expects to have submitted to the arbitration company . . . by the end of April 2012." Despite this representation, plaintiff has yet to file for arbitration (Dkt. Nos. 100, 104–06, 110).

Now, defendants seek to dismiss this action under Rule 41(b). Defendants argue that plaintiff's fourteen-month delay in failing to commence arbitration is grounds for involuntary dismissal (Dkt. Nos. 106–07).

**ANALYSIS**

Rule 41(b) states, in pertinent part: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." In determining whether dismissal under Rule 41(b) is proper, the following factors must be weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

1  drastic sanctions." *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). All five
2  factors do not have to weigh in favor of dismissal. The action may be dismissed where at least
3  three factors strongly support dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir.
4  1992).

5       Earlier, this Court could have dismissed altogether but retained jurisdiction solely as a
6  backup in case defendants frustrated a timely attempt by plaintiff to arbitrate. Plaintiff's failure
7  to arbitrate her claims for over fourteen months has impeded resolution of this action.
8  Plaintiff has established a persistent pattern of delay. Her non-appearance at the December 8
9  CMC and her late response to this instant motion are evidence of such a pattern. Plaintiff also
10 made representations to this Court that she had already begun the process of stating her claims
11 in arbitration, "which [p]laintiff expects to have submitted to the arbitration company . . . by the
12 end of April 2012." Yet no arbitration demand has been filed. Plaintiff's utter failure to meet
13 her own time-frame is inexcusable. The first factor strongly supports dismissal.

14      Plaintiff's delay has clogged the docket. She wasted judicial resources by sitting on her
15 rights for fourteen months. Plaintiff's delay has unnecessarily burdened the docket. This factor
16 strongly supports dismissal.

17      Regarding the fifth factor, availability of less drastic sanctions, plaintiff has been
18 repeatedly advised to proceed to arbitration. For example, at the March 29 CMC, plaintiff was
19 warned that her claims may be dismissed for her delay. The April 27 order served as a second
20 warning: "[p]laintiff has repeatedly demonstrated an inability to diligently prosecute her claims,
21 and has shown no good cause for her snail-like advance." That order declined to consider
22 defendants' request for dismissal in defendants' opposition brief, so that plaintiff could have
23 an opportunity to fully respond to a proper motion for involuntary dismissal. This did not give
24 plaintiff permission to further delay arbitration. The fact that she continued her delay — despite
25 numerous warnings — demonstrates that there are no meaningful alternatives to dismissal.
26 This factor strongly supports dismissal.

27      Because three factors strongly support dismissal, the other factors need not be discussed.
28 Rule 41(b) allows dismissal with or without prejudice. This order finds that dismissal with

prejudice would be too harsh of a sanction. Accordingly, plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall close the file.

## CONCLUSION

For the reasons mentioned above, this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: September 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4